UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MAURICE HOLLIS,

        Petitioner,
v.                                                           9:18-CV-0998
                                                                      (BKS)
UNITED STATES ATTORNEY GENERAL
of NY,

        Respondents.
_____

APPEARANCES:                                       OF COUNSEL:

MAURICE HOLLIS
Petitioner, pro se
14-R-1219
Attica Correctional Facility
Attica, NY 14011

BRENDA K. SANNES
United States District Judge

# DECISION and ORDER

Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, as well as various exhibits from his underlying state court proceedings. Dkt. No. 1, Petition ("Pet."); Dkt. No. 1-1, Exhibits ("Ex."). Pursuant to a Decision and Order, this Court notified petitioner that his petition would be converted to one brought pursuant to 28 U.S.C. § 2254 unless it was voluntarily withdrawn. Dkt. No. 4, Decision and Order dated 10/11/18 ("October Order"), at 3-6, 8-9. Additionally, the Court directed petitioner to amend his petition to demonstrate how he exhausted the claims within it or else he would risk dismissal of the action. *Id.* at 6-9.

Petitioner then filed a letter motion, which the Court liberally construed to be a motion for reconsideration. Dkt. No. 5. On November 6, 2018, this Court denied the motion and again required petitioner to advise the Court of either his consent to conversion of this action from one brought pursuant to § 2241 into one brought pursuant to § 2254, or voluntarily withdraw the petition. Dkt. No. 6, Decision and Order dated 11/06/18 ("November Order"), at 5. If petitioner did not voluntarily withdraw the petition, he was again informed that the petition would be converted into one brought pursuant to § 2254, and he was required to file an amended petition. *Id.* Further, the Court again emphasized that petitioner's failure to file an amended petition would result in dismissal of this action. *Id.*

Petitioner failed to comply with the November Order. Therefore, this action is dismissed.

**WHEREFORE**, it is

**ORDERED** that the Clerk convert the petition (Dkt. No. 1) into an action brought pursuant to § 2254; and it is further

**ORDERED** that said petition (Dkt. No. 1) be **DISMISSED**[1]; and it is further

**ORDERED** that no Certificate of Appealability ("COA") shall issue because petitioner has failed to make a "substantial showing of the denial of a constitutional right" as 28 U.S.C. § 2253(c)(2) requires; and it is further

---

[1] This is not a ruling on the merits, and any subsequent habeas petition should not run afoul of the "second or successive petition" limitations. See Stewart v. Martinez-Villareal, 523 U.S. 637, 644-45 (1998) (refusing to apply the successive habeas petition rule in cases where "a dismissal of [the] first habeas petition [was] for technical procedural reasons"); Slack v. McDaniel, 529 U.S. 473, 478 (2000) (ruling that successive habeas bar does not apply when first petition is dismissed because it contains unexhausted claims).

2

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on the parties in accordance with the Local Rules.

Dated: January 30, 2019

Brenda K. Sannes
U.S. District Judge